LaSalle Cement Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Alpha Portland Cement Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 22453, 34708.   Promulgated April 30, 1930.

*F. C. Taylor, Esq.,* for the petitioners.
*Eugene Meacham, Esq.,* for the respondent.

OPINION.

Phillips: The parties having been unable to agree upon the computation of the deficiencies under the opinion rendered March 27, 1929 (15 B. T. A. 1127), these proceedings were set down for further hearing for the introduction of evidence which would permit such a recomputation.   At that hearing it developed that some of the testimony given at the previous hearing was inaccurate.   It appeared that the so-called standard form of contract set out in our findings was used in only a small percentage of sales; that most sales were made less formally, by correspondence or otherwise.   It also appeared that the entries made upon the " Bag Redemption " account were not in all cases as outlined in our findings.   As a result of the testimony offered at the further hearing, respondent asked for and was granted leave to amend his answer to assert and claim deficiencies greater in amount than those theretofore determined by him.

Counsel for the Commissioner now contends, as at the original hearing, that these companies sold cloth bags at the same time they sold cement, and that such sale is to be accounted for in the same manner as the sale of cement.   The position of the Commissioner at the present time differs from his former position in that, instead of asking that the increase or decrease in the " Bag Redemption " account be included in income, he asks that income from sale of bags be computed as from any sale, viz, treat the amount charged the customer for bags as gross sales and deduct therefrom the cost

of such bags to arrive at the profit. Under this method bags returned are to be treated as bags purchased at the amount repaid.

The petitioners contend that despite the different situation presented by the evidence we should adhere to the method of computing income outlined in our previous opinion.

The amounts of income from this source to be returned under the petitioners' contention, the respondent's present contention, and the respondent's contention as urged at the first hearing, are as follows:

| | Petitioners' contention | Respondent's present contention | Respondent's former contention |
|---|---|---|---|
| LaSalle Cement Co. | | | |
| June 1, 1919, to May 31, 1920 | $26,277.94 | $111,436.13 | $100,126.51 |
| June 1, 1920, to Nov. 30, 1920 | 29,805.65 | 52,730.35 | [1] 11,006.29 |
| Ironton Cement Co. | | | |
| Jan. 1, 1919, to May 31, 1920 | 4,068.44 | 33,511.52 | 32,065.64 |
| June 1, 1920, to Nov. 30, 1920 | 7,303.47 | 25,003.59 | 15,533.12 |

[1] Loss.

It is contended by the Commissioner that profit or loss on sales must be accounted for in the year when the sale is made (section 213 (a)) and, as the Board has consistently held, that deductions are not to be made for reserves set up to meet contingent liabilities. His position is that there was a sale of these bags and that the redemption account is nothing more than a reserve to meet a contingent liability.

The computation now urged by the Commissioner is free of the major objections which existed in his earlier adjustment of income. It follows the generally accepted method of computing gain from sales. If followed consistently it will, over a period of years, reflect the gain derived from unredeemed cloth bags, the variations in income in any single year resulting from changes in the number of cloth bags sent out to customers and in the margin of difference between the cost of bags and the amount charged to customers. Changes in the percentage of bags returned will not affect computations made upon the theory proposed by the Commissioner, except as such bags may be restored to inventory at the redemption price and thus affect the cost. The substantial difference between the two computations appears to arise principally from the fact that during the periods involved a great number of bags sent out were charged to customers at 25 cents each while most of those redeemed had been sent out at 15 cents and were redeemed and put back into inventory (in the Commissioner's computation) at this amount. The result has been to show a comparatively substantial profit on all bags; a condition which will not continue in the years when all bags

are being redeemed at the same price at which they are charged to customers.

The petitioners' computation appears to be correct if the measure of income is the amount which will be realized from unredeemed bags, while the Commissioner's is proper if the bags are to be treated as sold and the obligation to redeem as a separate agreement to purchase so many bags at the redemption price. Either method of accounting will reflect the same amount of income over a period of years.

It is clear that the findings of fact previously made can not stand so far as they state that sales were made upon the terms of the contract therein set out and so far as they would indicate that the corporations consistently accounted for the transactions in cloth bags in the manner previously stated. Our previous decision was based upon the finding that the bags were leased and not sold and upon the obvious distortion of income produced by the adjustments made by the Commissioner. It now appears that in a majority of cases there was no leasing agreement, but an undertaking to redeem these bags. We have already pointed out the basis of the new computations now proposed by the Commissioner.

The question now presented is whether these bags should be treated as sold by the corporations and gain or loss reported as on any other sales or whether the undertaking to redeem them at the price charged for them renders some other method of accounting necessary or permissible.

It is the opinion of the Board that upon the facts as they now appear the method of accounting adopted by these corporations does not comply with the system laid down in the revenue acts. These cloth bags were sold during the period involved and the corporations received or became entitled to receive the amount charged to their customers for them. Their obligation was to repurchase these bags at a stated sum when and if these bags should be returned in good condition. The legal effect of such an agreement was no more than would be the effect of a similar agreement by these corporations to purchase new bags.

The petitioners called our attention to the decision of the Court of Claims in *Alpha Portland Cement Co.* v. *United States*, 67 Ct. Cls. 680. In that case the facts submitted to the court by stipulation were substantially the same facts which we had before us at the time of our previous opinion. The court there reached the same conclusion that we reached in our previous opinion. Neither the opinion of the court rendered in that case nor our previous opinion passed upon the situation presented by the new evidence. The deficiency should be recomputed upon the basis contended for by the Commissioner, using the figures as set out above; some small

adjustments having been necessary in the figures submitted by him. If it is deemed advisable or necessary, either party may prepare and submit amended findings of fact.

Reviewed by the Board.

*Decision will be entered under Rule 50.*